CHARLES H. HARRISON *v.* WILL H. DAVIS.

May Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed July 27, 1908.

*Municipal Corporations—Charters—Construction—School Commissioners—Drawing Warrants on Treasurer—Extent of Authority.*

Where a city charter provides that the board of school commissioners shall employ teachers and fix their compensation, have the cus-

tody of all school property of the city and the management and control of all its public schools, "examine and allow all claims arising therefrom, and draw warrants for the payment of such claims upon the city treasurer," who "shall keep a separate account of all the moneys appropriated for the use of schools," and out of such moneys shall pay "all warrants drawn by the board of school commissioners for the use of schools," such commissioners can legally draw warrants on the city treasurer only for payment to the persons whose claims they have examined and allowed, and they are not authorized to draw such warrants payable to one of their own number for the aggregate sum of several such allowed claims and thereon get the money from the treasurer wherewith to pay such claims.

PETITION FOR MANDAMUS to compel payment of a warrant drawn on the treasurer of the city of Rutland by its school commissioners, brought to the Supreme Court for Rutland County at its May Term, 1908, and then heard on the pleadings.

The petition alleges that the defendant is the treasurer of the city of Rutland, and that the relator is a member of the board of school commissioners of that city and chairman of the finance committee of that board; that for a long time past, for more than two years to the knowledge of the relator, the course of business adopted and practiced by said board for the payment of bills has been to direct the finance committee to aggregate the amounts of bills allowed and ordered paid at each meeting of the board and draw a warrant on the city treasurer for the aggregate amount of such bills so approved and ordered paid, to the chairman of said finance committee for payment by said chairman by check of the amount of such warrant to the several persons, claimants, entitled thereto by vote of the board; that at a meeting of said board regularly held on March 2, 1908, it considered 28 bills presented by different persons for goods, supplies, and services procured by said board for school purposes, and aggregating $626.64, found the same to be correct, and ordered them paid; that by order of said board its said finance committee drew a warrant for said sum on defendant as such treasurer, payable to the relator as chairman of said finance committee; that the relator subsequently presented said warrant to the defendant as such treasurer for payment;

that the defendant refused to pay the same, claiming that it was not properly drawn. In consequence whereof the board of school commissioners is without funds wherewith to pay said bills. And praying for a writ of mandamus commanding the defendant, as such treasurer, to pay said warrant.

*Hunton & Stickney* for the relator.

The authority of the school commissioners to have and exercise the control and management of school affairs is derived from the statute, and not from the city or city government. *Chittenden* v. *Waterbury,* 56 Vt. 551; *School Dist.* v. *Harvey,* 56 Vt. 556; *Cobb* v. *Pomfret,* 63 Vt. 647. The officials in whom rests the exercise of discretion whether bills shall be paid, and warrants drawn, are the board of school commissioners. The defendant's duty in the matter is wholly ministerial. Being ministerial, mandamus lies to compel him to perform that duty. *Kendall* v. *U. S.,* 37 U. S. 524; *Marbury* v. *Madison,* 5 U. S. 137.

When the conduct of a public officer is such as to manifest a settled purpose not to perform a duty which the law requires of him, no demand is required. *Chicago, etc.* v. *Harris,* 49 Kan. 399; *Heintz* v. *Moulton,* 7 S. D. 272; *Hanna* v. *Railway Common Council,* 33 N. J. L. 110.

Mandamus is the proper remedy to compel the treasurer to perform his statutory duty and pay "out of any moneys mentioned in this section, all warrants drawn by the board of school commissioners, for the use of schools." It has been held that this is the proper remedy, to compel state comptroller to distribute school moneys to proper persons. *State* v. *Stout,* 61 Conn. 553, 23 Atl. 924; to compel township trustee to pay to school trustees; in behalf of Board of Education to compel its treasurer to pay to proper despository; *City of Port Huron* v. *Rumwells,* 57 Mich. 46; *Hall* v. *Selectmen of Somersworth,* 39 N. H. 511; to compel payment of county superintendent's order, for state appropriation for public schools. *City of Elizabeth* v. *Sheridan,* 42 N. J. L. 64; *City of Plainfield* v. *Sheridan,* 45 N. J. L. 276.

*F. G. Swinnerton* and *Butler & Moloney* for the defendant.

The complaint of the petitioner is not that the city treasurer will not pay warrants drawn to the order of the creditors, but that he will-not pay warrants drawn to the order of the petitioner, to whom no claim is made that the city is indebted. *Bates* v. *Keith*, 66 Vt. 163; 26 Cyc. 146 and cases cited in note 46. It is important to the proper and honest administration of the affairs of the city that its creditors are not paid by cash or individual check, but only by warrants of record. *Spiritual Atheneum Soc.* v. *Randolph*, 58 Vt. 192; *Free Press Association* v. *Nichols*, 45 Vt. 7; *Hall* v. *Crossman*, 27 Vt. 297; *Scheerar* v. *Egar*, 76 Cal. 569; 26 Cyc. 153-5-6 and cases cited in notes 70, 76 and 80; 2 Dill. Mu. Corp. §§830, 831.

WATSON, J. The charter of the city of Rutland provides for the establishment -of a board of school commissioners, which board shall have the care and custody of all the property used for the several public schools of the city, employ teachers and fix their compensation, have the management and control of all the public schools of the city, "examine and allow all claims arising therefrom, and draw warrants for the payment .of such claims upon the city treasurer"; and that "the city treasurer shall keep a separate account of all the moneys appropriated for the use of schools" and shall pay out of such moneys "all warrants drawn by the board of school commissioners for the use of schools." These two provisions relating to the drawing of warrants by the school commissioners and the payment thereof by the treasurer are parts of the same section (31) and should be construed together. Thus construed there would not seem to be much doubt as to the true meaning. .

The claims to be examined and allowed by the board of commissioners are the claims of other persons growing out of the administration of the department of schools within the scope of the authority of the commissioners as such; and it is for the payment of such claims to the respective claimants that the commissioners are empowered to draw warrants upon the city treasurer. This view is strengthened by the subsequent provision in the same section that the compensation to the superintendent of schools "shall be paid by the school commissioners in the same manner as other expenses arising from the support of schools." The charter contains no provision for the payment

of such expenses by the commissioners in any other manner. The treasurer is made the sole custodian of the moneys appropriated for the use of schools and the disbursing officer thereof in payment of warrants drawn by the commissioners for such use. Yet if the latter can draw a warrant payable to some one of their number for the aggregate sum of a large number of claims examined and allowed by them and thereon get the money of the treasurer with which to pay the claims within the aggregation, warrants are not drawn by the commissioners upon the treasurer for the payment of such claims, and the treasurer is neither the sole custodian, nor the disbursing officer to that extent, of the moneys appropriated for the use of schools. With the overseer of the poor it is different, and the distinctions are significant here. The charter in express terms withholds from that officer the power to draw orders on the city treasurer and provides that he shall be supplied with money for the purpose of his office, thus making him a disbursing officer in the payment of all bills contracted in the proper performance of his duties. Sec. 13.

Nor does the provision that the school commissioners shall have in general all the powers and authority, and perform all the duties pertaining to the office of prudential committee of school districts not inconsistent with the system established by the city charter, sustain the relator's position. For we find no law giving prudential committee the powers here contended for, and if such law were found there would be grave doubts whether it be not inconsistent with the system here under consideration and hence by the terms of the charter not applicable. It follows that the writ should not issue.

In thus disposing of the case we have not taken into consideration one way or the other the resolutions passed by the board of aldermen on the recommendation of the mayor. Nor do we give any intimation as to whether the mayor and board of aldermen have any power thus to interfere with matters pertaining solely to the department of schools.

*Petition dismissed with costs.*